1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       San Francisco Division

11

12   UNITED STATES OF AMERICA,            Case No. 11-cv-01118-LB
                     Plaintiff,
13
            v.                            **ORDER GRANTING PLAINTIFF'S**
14                                        **MOTION TO DISMISS**
     ROBERT MACHINSKI,                    Re: ECF No. 49
15
                     Defendant.
16

17

18                         **INTRODUCTION**

19        This is a student-loan case. The United States Government sued Robert Machinski to collect a

20   student loan in default that Mr. Machinski incurred in 1993.[1] The Government offset a portion of

21   Mr. Machinski's debt by debiting funds from federal payments owed to him and placed liens on

22   his property, liens that still remain.[2] Mr. Machinski counterclaimed against the United States,

23   asserting that these debt-collection activities violated his Fifth Amendment right to due process

24

25

26

27   [1] Compl. – ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF");
     pinpoint citations are to the ECF-generated page numbers at the tops of documents.

28   [2] Compl. at 2-3; Answer & Counterclaims – ECF No. 31 at 4-6.

     ORDER (No.  11-cv-01118-LB)

1    and constitute tortious conduct.[3] The Government now moves to dismiss Mr. Machinski's

2    counterclaims for lack of jurisdiction and failure to state a claim.[4]

3        The court finds that it can decide this matter without oral argument under Local Rule 7-1(b)

4    and vacates the hearing set for April 28, 2016. The court grants the Government's motion because

5    sovereign immunity bars Mr. Machinski's claims.

6

7                                    **STATEMENT**

8        In March 2011, the United States sued Robert Machinski to collect a student-loan debt

9    guaranteed by the Department of Education.[5] The United States alleged that Mr. Machinski

10   incurred the debt in 1993 and subsequently defaulted in 1994.[6] As a result, Mr. Machinski

11   allegedly owed the United States $23,429.49 in principal, which the Government unsuccessfully

12   tried to collect.[7] Since that time, under the Treasury Offset Program, the Government credited

13   $16,123.87 against Mr. Machinski's debt.[8] Mr. Machinski received notice of these offsets on

14   May 2, 2008.[9]

15       At the time the complaint was filed, Mr. Machinski allegedly owed the United States a total of

16   $37,799.49 in principal and interest.[10] Mr. Machinski failed to answer, defend, or otherwise appear

17   in the case and the clerk entered default judgment against him.[11] A writ of garnishment was issued

18   in April 2015.[12] But, in December of that same year, the parties stipulated to set aside the default

19   judgment and quash the writ.[13]

20   _____

21   [3] Answer & Counterclaims at 4-6.

     [4] Motion to Dismiss ("Motion") – ECF No. 49.

22   [5] Compl. at 2-3.

23   [6] Compl. at 3.

24   [7] *Id.*

     [8] *Id.*; Motion to Dismiss at 2-3.

25   [9] Answer & Counterclaims at 5, ¶¶ 6-8; Machinski Decl. – ECF No. 32, ¶¶ 2-4, Exs. A, B, C.

26   [10] Compl. at 3.

27   [11] Judgment on Default – ECF No. 7.

     [12] Writ of Continuing Garnishment –ECF No. 15.

28   [13] Stipulation and Order – ECF No. 24.

United States District Court
Northern District of California

Mr. Machinski then answered the complaint and asserts counterclaims against the United States.[14] He asserts two general claims. First, he asserts that the Government's offset against his debt "denied him adequate procedural due process" under the Fifth Amendment and constituted "an unreasonable interference and deprivation of [his] liberty interests to property."[15] Second, he asserts that the government "knowingly reported and refused to remove false and damaging information on [his] credit history, including the information regarding liens on [his] property."[16] As a result of these "unlawful and tortious acts," Mr. Machinski seeks damages in the amount of $30,000 for damage to his "reputation, credit history, and [other] financial consequences."[17]

The United States filed the current motion to dismiss Mr. Machinski's counterclaims.[18] The Government asserts that Mr. Machinski's claims are barred by sovereign immunity and the statute of limitations, and also fail to state a claim upon which relief can be granted.[19] Mr. Machinski opposes the motion and seeks leave to amend his counterclaims to bring them within the Government's waiver of sovereign immunity and allege additional factual support.[20] Mr. Machinski also requests discovery prior to the disposition of the Government's motion.[21]

**GOVERNING LAW**

**1.  Rule 12(b)(1) subject-matter jurisdiction**

A complaint must contain a short and plain statement of the ground for the court's jurisdiction (unless the court already has jurisdiction and the claim needs no new jurisdictional support). Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La*

---

[14] *See generally* Answer & Counterclaims.

[15] *Id.* ¶¶ 10-11.

[16] *Id.* ¶ 13.

[17] *Id.* ¶ 19.

[18] *See* Motion.

[19] *See generally id.*

[20] Opposition – ECF No. 55.

[21] *Id.* at 5-6.

United States District Court
Northern District of California

1    *Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). A defendant's Rule 12(b)(1)

2    jurisdictional attack can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

3    2000). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to

4    invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though

5    adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750

6    F.3d 776, 780 n.3 (9th Cir. 2014). This is a facial attack; the court thus "accept[s] all allegations of

7    fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs."

8    *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

9        If a court dismisses a complaint, it should give leave to amend unless the "the pleading could

10   not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern*

11   *California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

12

13   **2.  Sovereign immunity**

14       "It is axiomatic that the United States may not be sued without its consent and that the

15   existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898,

16   903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This is the

17   doctrine of sovereign immunity. The Ninth Circuit has explained: "Before we may exercise

18   jurisdiction over any suit against the government, we must have 'a clear statement from the United

19   States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'"

20   *Id.* (quoting in part *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

21   "[L]imitations and conditions upon which the Government consents to be sued must be strictly

22   observed and exceptions thereto are not to be implied." *Mollison v. United States*, 568 F.3d 1073,

23   1075 (9th Cir. 2009) (citing *Soriano v. United States*, 352 U.S. 270, 276 (1957)) (internal

24   quotations omitted; alteration in original).

25       Absent a waiver, "a court does not have authority to award relief against the United States or a

26   federal agency . . . ." *Isaacs v. United States*, No. 13-cv-01394-WHO, 2013 WL 4067597, at *1

27   (N.D. Cal. Aug. 1, 2013). "As the party asserting a claim against the United States, [the plaintiff]

28   has the burden of 'demonstrating unequivocal waiver of immunity.'" *United States v. Park Place*

1  *Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009) (quoting *Cunningham v. United States*, 786

2  F.2d 1445, 1446 (9th Cir. 1986)).

3

4  **ANALYSIS**

5  **1.  Sovereign immunity bars Mr. Machinski's claims**

6  **1.1 Sovereign immunity bars Mr. Machinski's tort claims**

7  The United States moves to dismiss Mr. Machinski's claims to the extent they sound in tort

8  because 1) he failed to exhaust his administrative remedies under 28 U.S.C. § 2675(a) and 2) the

9  FTCA-waiver does not extend to his claims because § 2680(h) excludes "claim[s] arising out of

10 . . . libel, slander, misrepresentation, deceit, or interference with contractual rights."[22] Mr.

11 Machinski does not contest the latter and instead seeks leave to amend his complaint to assert a

12 claim for negligence.[23] The court agrees that his claim as pled is excluded from the FTCA's

13 waiver under § 2680(h). *See United States v. Andre*, No. C 11-04175 WHA, 2012 WL 728737, at

14 *3 (N.D. Cal. March 6, 2012). The issue, then, is whether Mr. Machinski could possibly maintain

15 a claim for negligence at this time and on this record. He cannot and his claims are dismissed.

16 The Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity to

17 certain tort claims and is "the exclusive remedy for torts committed by Government employees in

18 the scope of their employment." *United States v. Smith*, 499 U.S. 160 163 (1991); *United States v.*

19 *Kubrick*, 444 U.S. 111, 117-18 (1979); *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir.

20 2011); 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). An FTCA-plaintiff must first exhaust available

21 administrative remedies:

22      An action shall not be instituted upon a claim against the United States for money
        damages for injury or loss of property or personal injury or death caused by the
23      negligent or wrongful act or omission of any employee of the Government while
        acting within the scope of his office or employment, unless the claimant shall
24      have first presented the claim to the appropriate Federal agency and his claim
        shall have been finally denied by the agency . . . .
25

26

27 [22] Motion at 4-6.

28 [23] Opposition at 4-5

28 U.S.C. § 2675(a). The § 2765(a) presentment requirement is satisfied by "(1) a written statement sufficiently describing the injury to enable to agency to begin its own investigation, and (2) a sum certain damages claim." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (internal quotation marks omitted). The "requirement is jurisdictional in nature and may not be waived." *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986) (citing *Burns*, 764 F.2d at 724).

There is, however, an exception to the presentment requirement: it does not apply to third-party complaints, cross-claims, or counterclaims. 28 U.S.C. § 2675(a). But, "[c]ounterclaims under the FTCA have been permitted only when the principal action by the United States was in tort and the counterclaim was compulsory in nature." *Spawr*, 796 F.2d at 281. Thus, where "the principal action by the United States is in contract, not in tort, [the] defendant's counterclaim does not fall under the [§] 2675(a) [counterclaim] exemption . . . and is accordingly subject to [the] procedural requirements." *Andre*, 2012 WL 728737 at *2.

Here, the principal action by the United States is in contract, not in tort, because it is based on Mr. Machinski's contractual obligation to repay his student loans. *See Andre*, 2012 WL 728737 at *2. Mr. Machinski's counterclaims therefore do not fall within the counterclaim exemption and are subject to § 2675(a)'s presentment requirement. Because he has not shown that he exhausted his administrative remedies, his claims do not satisfy the Government's conditions to the waiver of sovereign immunity — conditions that must be "strictly observed." *See Mollison*, 568 F.3d at 1075. The doctrine of sovereign immunity accordingly bars Mr. Machinskis claims to the extent they sound in tort and the court dismisses his claims without leave to amend.

### 1.2 Sovereign immunity bars Mr. Machinski's Fifth-Amendment claim

The United States moves to dismiss Mr. Machinski's Fifth Amendment due process claim, arguing he has not identified an express waiver of sovereign immunity.[24] Mr. Machinksi appears to make three arguments in support of a waiver: 1) the Tucker Act waives sovereign immunity, 2)

---

[24] Motion at 6; Reply – ECF No. 58 at 2.

United States District Court
Northern District of California

1    the United States waived immunity by initiating suit, and 3) the United States may be sued for

2    civil rights violations.[25] None of his arguments, however, supports a waiver of sovereign

3    immunity in this case.

4         First, the "Little" Tucker Act, 28 U.S.C. § 1346(a)(2), does not waive sovereign immunity to

5    his claim.[26] The Tucker Act grants the district courts jurisdiction, concurrent with the Court of

6    Federal Claims, over any "civil action or claim against the United States, not exceeding $10,000 in

7    amount, founded either upon the Constitution, or any Act of Congress . . . or for liquidated or

8    unliquidated damages in cases not sounding in tort[.]" 28 U.S.C. § 1346(a)(2). "If a claim falls

9    within the terms of the Tucker Act, the United States has presumptively consented to suit." *United

10   States v. Mitchell*, 463 U.S. 206, 216 (1983); *Army & Air Force Exchange Serv. v. Sheehan*, 456

11   U.S. 728, 734 (1982); *McGuire v. United States*, 550 F.3d 903, 912 (9th Cir. 2008).

12        The Tucker Act, however, "does not create any substantive right enforceable against the

13   United States for money damages." *Mitchell*, 463 U.S. at 216 (internal quotations omitted). "A

14   substantive right must be found in some other source of law," but "[n]ot every claim invoking the

15   Constitution, a federal statue, or a regulation is cognizable under the Tucker Act. The claim must

16   be one for money damages against the United States, and the claimant must demonstrate that the

17   source of the substantive law he relies upon 'can fairly be interpreted as mandating compensation

18   by the Federal Government for the damages sustained.'" *Id.* at 216-17 (quoting *United States v.

19   Testan*, 424 U.S. 392, 400 (1976)). Thus, when suing in district court, the federal claim must 1)

20   mandate compensation by the Government and 2) be for $10,000 or less.

21        Here, Mr. Machinski seeks $30,000 but seeks to amend his complaint to reduce his damages to

22   $10,000 and bring it within the Little Tucker Act.[27] Although "[p]arties may waive their right to

23   receive more than $10,000 in order to satisfy the Little Tucker Act and obtain jurisdiction in the

24   district court[,]" that is not enough here. *United States v. Park Place Associates, Ltd.*, 563 F.3d

25

26   ───────────────────────

     [25] Opposition at 3-5.

27   [26] *Id.* at 2-4.

28   [27] *Id.* at 3-4.

     ORDER (No.  11-cv-01118-LB)                7

United States District Court
Northern District of California

907, 927 (9th Cir. 2009). Mr. Machinski's waiver of damages in excess of $10,000 would satisfy only part of the Tucker Act. He has not shown that his Fifth Amendment due process claim mandates compensation by the Government — either by self-execution or by an alternative statutory basis. *See Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 953-54 (9th Cir. 2008) (Fifth Amendment's Takings Clause is self-executing); *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co. of California, Inc.*, 595 F.2d 1126, 1132 (9th Cir. 1979) ("If another waiver of immunity can be found, and some other basis for jurisdiction exists, the district court may properly hear the case.") To the contrary, courts have found that the Fifth Amendment's Due Process Clause does not mandate damages and no statute generally waives sovereign immunity for these claims. *See Conservative Caucus, Inc. v. United States*, 650 F.2d 1206, 1211-12 (Ct. Cl. 1981) ("[T]he due process clause of the Fifth Amendment . . . does not obligate the Federal Government to pay money damages."); *Karahalios v. Defense Language Institute Foreign Language Center Presidio of Monterey*, 534 F. Supp. 1202, 1212 (N.D. Cal. 1982) ("There is no such statute generally waiving sovereign immunity as to money damages arising from a fifth amendment due process violation.") Mr. Machinski therefore has not (and cannot) bring his Fifth Amendment claim within the Little Tucker Act's waiver of sovereign immunity. *See Hampel v. United States*, 429 Fed. Appx. 995, 997-998 (Fed. Cir. 2011) (affirming dismissal of Fifth Amendment due process claim brought under Tucker Act).

Second, Mr. Machinski cites *Kinetic Systems, Inc. v. Federal Financing Bank* for the proposition that "the United States' sovereign immunity is waived by a statute authorizing an agency head to sue and be sued, when the United States rather than the agency head is the real party in interest." 895 F. Supp. 2d 983, 999 (N.D. Cal 2012).[28] Mr. Machinski's reliance on this language is misplaced and, in any event, he fails to identify an express statutory waiver of sovereign immunity to support his argument. *See Marcus Garvey Square v. Winston Burnett Constr. Co. of Cal.*, 595 F.2d 1126, 1132 (9th Cir. 1979) ("The general rule is that where the United States is the real party in interest, statutory authority for the federal official to be sued does

---

[28] *Id.* at 4.

not operate as a complete waiver of the sovereign immunity of the United States."); *United States*

*v. Shaw*, 309 U.S. 495, 501 (1940) ("[W]ithout specific statutory consent, no suit may be brought

against the United States."); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (same).

Third, to the extent Mr. Machinski alleges a civil rights claim under the Civil Rights Act, 42

U.S.C. §§ 1981 *et seq.*, he has not shown a waiver of sovereign immunity. In fact, the Government

has not waived its immunity with respect to these claims. *See Affiliated Prof'l Home Health Care*

*Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("[S]uits against the United States brought

under the civil rights statutes are barred by sovereign immunity."); *Gottschalk v. City and County*

*of San Francisco*, 964 F. Supp. 2d 1147, 1162-63 (N.D. Cal. 2013).

Mr. Machinski therefore fails to satisfy his burden showing that the Government has waived

sovereign immunity with respect to his Fifth Amendment due process claim. The court therefore

dismisses this claim without leave to amend.

## 2.  The court denies Mr. Machinski's request for jurisdictional discovery

Mr. Machinski requests that the court postpone its decision on the current motion until he has

obtained additional discovery from the United States.[29] The issue is whether additional discovery

could establish a basis for jurisdiction; or, more specifically in this case, a waiver of sovereign

immunity.

"[I]t is clear that a court may allow discovery to aid in determining whether it has in personam

or subject matter jurisdiction." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430

n.24 (9th Cir. 1977) (citing *Ziegler Chem. & Mineral Corp. v. Standard Oil Co. of Cal.*, 32 F.R.D.

241, 243 (N.D. Cal. 1962)). Jurisdictional discovery "should be granted where pertinent facts

bearing on the question of jurisdiction are controverted" and may be denied "when it is clear that

further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.*

But, "[t]he matter is generally left to the discretion of the trial court." *Id.*

---

[29] *Id.* at 5-6.

ORDER (No.  11-cv-01118-LB)                    9

1    Mr. Machinski generally asserts that the Government provided certain illegible documents,

2  that he requested legible and original copies thereof, and that the Government agreed to provide

3  them.[30] He then concludes that "[i]n the event that [the United States] cannot provide such original

4  documents, the instant motion to dismiss [his] counterclaims will be moot."[31] The court does not

5  see how the reproduction of these documents could help establish a waiver of sovereign immunity.

6  The court accordingly denies Mr. Machinski's request for pre-dismissal discovery.

7

8                                        **CONCLUSION**

9    The court grants the United States' motion to dismiss because sovereign immunity bars Mr.

10  Machinski's claims and therefore does not reach the Government's other bases for dismissal.

11  Dismissal is without leave to amend but also without prejudice to seek other relief.

12    **IT IS SO ORDERED.**

13    Dated: April 26, 2016

14                                    _____

15                                    LAUREL BEELER
                                      United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27  _____
    [30] *Id.* at 6.

28  [31] *Id.*

ORDER (No.  11-cv-01118-LB)              10