UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 11-cv-01118-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| ROBERT MACHINSKI, | Re: ECF No. 66 |
| Defendant. | |

## INTRODUCTION

This case is about a student loan in default.[1] Robert Machinski obtained a consolidated student loan in 1993, he defaulted approximately one year later, and, after the loan was assigned to the United States, the government sued in 2011.[2] After initially defaulting, Mr. Machinski appeared to defend the action: he answered the complaint, asserted several counterclaims, and has since litigated the matter.[3] The government now moves for summary judgment to recover $50,852.48 in student-loan principal and interest.[4]

---

[1] Compl. — ECF No. 1. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.*; Guillon Decl. — ECF No. 67, Ex. 1.

[3] *See* Default Judgment — ECF No. 7; Stipulation & Order — ECF No. 24; Answer & Counterclaims — ECF No. 31.

[4] Motion for Summary Judgment — ECF No. 66.

ORDER — No. 11-cv-01118-LB

The court held hearings on the matter on November 3 and December 8, 2016.[5] The court grants the government's summary-judgment motion because it produces unrebutted evidence establishing a prima facie case to recover the debt and thus there is no genuine dispute as to any material fact.

## STATEMENT

On January 7, 1993, Mr. Machinski signed an application and promissory note to consolidate his student loans with Nellie Mae.[6] The application listed six loans for consolidation, totaling $21,200.[7] Under the promissory note, Mr. Machinski acknowledged that upon discharge of his former loans, he would receive a disclosure statement and repayment schedule identifying the consolidated loan amount, interest rate, due dates, and other information.[8] He also acknowledged that the interest rate would be at least nine percent.[9]

The Nellie Mae loan disbursed approximately two months later for $21,706.09 with a 9% interest rate.[10] A separate entity guaranteed the loan, and the Department of Education reinsured it.[11] Mr. Machinski defaulted on the loan over one year later (on May 29, 1994) and the loan holder made a claim on the guaranty.[12] The guarantor paid $23,429.49 to satisfy the loan-holder's claim.[13] The guarantor then tried to collect the debt from Mr. Machinski, but, unable to collect the full amount, assigned its right and title to the Department of Education on October 10, 2005.[14]

---

[5] Minute Entries — ECF Nos. 80, 88.

[6] Guillon Decl. — ECF No. 67, ¶ 4, Ex. 2.

[7] *Id.* Ex. 2.

[8] Exhibit — ECF No. 84 at 1.

[9] *Id.*

[10] *Id.* ¶¶ 3, 5, Ex. 1.

[11] *Id.* Ex. 1.

[12] *Id.* It is unclear from the evidence provided if Nellie Mae or another entity held the note at this time.

[13] *Id.*

[14] *Id.*

The government attempted to collect on the debt: it credited $16,123.87 against the loan balance through three Treasury offsets in 2008.[15] The United States then sued Mr. Machinski in 2011.[16] At that time, he owed the United States $37,799.49 in principal and interest.[17] Mr. Machinski initially failed to answer, defend, or otherwise appear in the case and the clerk entered default judgment against him.[18] The court subsequently issued a writ of garnishment in 2015, but the parties stipulated to quash the writ and set aside the default.[19]

Once the court set aside Mr. Machinski's default, he answered the complaint and asserted counterclaims against the government.[20] The court dismissed Mr. Machinski's counterclaims because they were barred by sovereign immunity.[21] Only the government's claim on Mr. Machinski's student loan remains.

The United States moved for summary judgment to recover the debt.[22] Mr. Machinski opposed the motion.[23] The court initially denied the motion without prejudice because the promissory note that the government submitted was illegible.[24] The court held a case-management conference on November 3, 2016; both parties attended and the government submitted a new copy of the promissory note.[25] The court reset the summary-judgment hearing to December 8, 2016; again, both parties attended.[26]

---

[15] *Id.* ¶ 7, Ex. 1.

[16] *See* Compl. — ECF No. 1.

[17] *Id.* Ex. 1.

[18] Entry of Default — ECF No. 6; Default Judgment — ECF No. 7.

[19] Order Granting Application for Writ of Continuing Garnishment — ECF No. 14; Writ of Continuing Garnishment — ECF No. 15; Stipulation and Order — ECF No. 24.

[20] *See* Answer & Counterclaims — ECF No. 31.

[21] *See* Order — ECF No. 60.

[22] Motion for Summary Judgment — ECF No. 66.

[23] Opposition — ECF No. 66.

[24] Order — ECF No. 78.

[25] Minute Entry — ECF No. 80; Exhibits — ECF Nos. 81, 83, 84.

[26] Clerk's Notice — ECF No. 85; Minute Entry — ECF No. 88.

## SUMMARY-JUDGMENT STANDARD

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *See Celotex*, 477 U.S. at 323.

In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

# ANALYSIS

## 1. Mr. Machinski's Evidentiary Objections

### 1.1 The Promissory Note

Mr. Machinski objects to Mr. Guillon's declaration supporting and introducing the promissory note.[27] He argues that Mr. Guillon does not have personal knowledge of the contract or its assignment, the information is hearsay, and thus the government "has failed to establish the existence of any contract, . . . disbursement, assignments of interest, standing . . . [or] other details."[28] Mr. Machinski's objections raise issues of authentication and hearsay.

Mr. Machinski's authentication objection raises two nested issues: first, whether Mr. Guillon has sufficient personal knowledge to authenticate the note; and second, whether the duplicate submitted by the United States is adequate to serve in place of the original.

First, a party submitting an item of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). This may be done by the testimony of a witness with knowledge of the item, testifying "that an item is what it is claimed to be." *Id.* 901(b)(1). Here, Mr. Guillon declares that he is a Senior Loan Analyst for the Department of Education, is the custodian of the Department's student-loan records, is "familiar with the circumstances of [Mr. Machinski's] loan[,] and [has] personal knowledge of the records pertaining to [it]."[29] This sufficiently demonstrates personal knowledge to authenticate the note.

Second, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. Thus, "if no genuine issue exists as to the authenticity and no other reason exists for requiring the original, a duplicate is admissible." Fed. R. Evid. 1003 advisory committee's note to 1972 amendment. Here, Mr. Machinski raises two problems with the promissory note filed by the government: (1) the name on the promissory note is Robert P. Machinski (not his name, Robert *F.* Machinski); and (2) the copy submitted is so illegible that he

---

[27] Opposition at 10–11.

[28] *Id.* at 11.

[29] Guillon Decl. — ECF No. 67, 1–3.

ORDER — No. 11-cv-01118-LB                 5

cannot read the amount disbursed, the interest rate, or the terms of his obligation.[30] Indeed, the originally filed duplicate is difficult to read — the court cannot make out the amount disbursed or the interest rate.[31] But the government provided the court and Mr. Machinski with a legible copy at the November 3 case-management conference, which was also filed electronically.[32] And, importantly, Mr. Machinski does not deny that promissory note relates to his student loan. He does not deny that it is his signature on the note, and he maintains only that the name on the top has the wrong middle initial. The government named Mr. Machinski in this case as "Robert P. Machinski aka Robert F. Machinski";[33] he never objected until now. Moreover, the offending initial easily could be an "F."

The court therefore denies Mr. Machinski's objections based on the authenticity of the promissory note and next addresses his hearsay objection.

Hearsay is an out-of-court statement introduced to prove the truth of the matter asserted. Fed. R. Evid. 801(c). But, "a written statement, which itself 'affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights,' falls outside the definition of hearsay." *United States v. Bellucci*, 995 F.2d 157, 161 (9th Cir. 1993). Thus, where a plaintiff offers a promissory note not as evidence of the truth contained therein, but as evidence of the defendant's debt, the note is not hearsay. *See United States v. Badgett*, No. CV 15-02350-BRO (JPRx), 2016 WL 5886916, at *3 (C.D. Cal. Feb. 3, 2016). Here, the government does not submit the promissory note to prove the truth of the matter asserted therein. The government instead offers the note as evidence of Mr. Machinski's debt. Used for this purpose, the hearsay rule does not exclude the note.

On this record, the court denies Mr. Machinski's objections to the promissory note.

---

[30] Machinski Decl. — ECF No. 72, ¶¶ 2–5.

[31] *See* Guillon Decl., Ex. 2.

[32] Exhibits — ECF Nos. 81, 83, 84.

[33] Compl. at 2.

ORDER — No. 11-cv-01118-LB          6

### 1.2 The Certificate of Indebtedness

Mr. Machinski also objects to the Certificate of Indebtedness.[34] He argues that the Certificate is self-serving, repetitive of the complaint, and irrelevant.[35] He also asserts that it is "undoubtedly based on the very same improper hearsay that forms the basis of Mr. Guillon's statements."[36]

First, the Certificate of Indebtedness is relevant: it is a document sworn under the penalty of perjury that sets forth facts establishing the government's claim (*e.g.* the principal and interest rate of the debt and the relevant dates). The Certificate's repetition of facts in the complaint, and its aid to the government's case, is not objectionable. Second, the Certificate is excluded from the hearsay rule as a public record. *See Badgett*, 2016 WL 5886916 at *2 (stating that "Certificates of Indebtedness fall within the public records exception to hearsay"); *United States v. Ragan*, No. CV 10-7654 (MANx), 2011 WL 5075544, at *2 (C.D. Cal. Oct. 25, 2011) (same), *reversed on other grounds by United States v. Ragan*, 546 Fed. Appx. 657 (9th Cir. 2013). Third, as discussed above, Mr. Guillon adequately demonstrates personal knowledge of Mr. Machinski's loan documents to authenticate the Certificate.

The court accordingly denies Mr. Machinski's objections to the Certificate of Indebtedness.

### 1.3 Other Objections

To the extent Mr. Machinski raises other objections (*i.e.* to the specific paragraphs of Mr. Guillon's declaration), the court denies them because it does not rely on these statements to decide the government's motion.

## 2. The Court Grants the United States' Motion for Summary Judgment

In an action to enforce a promissory note, the plaintiff must present evidence of: (1) the existence of the note; (2) the defendant's default; and (3) the amount due. *United States v. Freeman*, No. C 01-1859 SI, 2002 WL 467688, at *1 (N.D. Cal. Mar. 25, 2002) (citing *United*

---

[34] *Id.* at 10.
[35] *Id.*
[36] *Id.*

ORDER — No. 11-cv-01118-LB                 7

*States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975); *see also United States v. Gray*, No. C-11-02988 SLM (JCS), 2012 WL 1657112, at *4 (N.D. Cal. May 10, 2012). "The burden [then] shifts to the defendant to prove that the amount due is not owing." *United States v. Chu*, No. 00-3450 BZ, 2001 WL 1382156, at *1 (N.D. Cal. Oct. 31, 2001) (quoting *United States v. Glaude*, No. C-99-0182-VRW, 1999 WL 1080680, at *1 (N.D. Cal. Nov. 12, 1999)) (alteration in original).

In student-loan cases, the government may make out a prima facie case "through submission of the signed promissory notes and certificates of indebtedness from the Department of Education." *Freeman*, 2002 WL 467688 at *1; *see also Glaude*, 1999 WL 1080680 at *1 (holding that the government satisfied its burden by producing a copy of the note, a certificate of indebtedness, and a notice of default). If the defendant-debtor does not produce specific evidence rebutting the United States' prima facie case, summary judgment is proper. *See Gray*, 2012 WL 1657112 at *5 (holding that "bare statements denying liability are not sufficient to create a fact question where Plaintiff has offered no evidence showing the loan funds were paid back to rebut the prima facie case made by the United States"); *Freeman*, 2002 WL 467688 at *1.

Here, the United States has made out a prima facie case. It submitted a copy of the signed consolidation application and promissory note.[37] In the note, Mr. Machinski acknowledged that he would receive a disclosure statement and repayment scheduling setting out the consolidated loan amount, interest rate, due dates, and other information.[38] He also acknowledged that the interest rate would be at least nine percent.[39] The government did not submit the disclosure statement and repayment schedule, but the Certificate of Indebtedness (sworn under penalty of perjury) indicates that the loan issued for $21,706.09 at nine-percent interest.[40] The Certificate of Indebtedness also details Mr. Machinski's default on May 29, 1994, and the amount owed as of January 12, 2016 — $49,143.61 accruing interest at $5.77 per day.[41] This is sufficient to establish a prima facie case for the government's claim on the note. See *United States v. Falson*, 805 F.3d 873, 876 (9th Cir.

---

[37] Guillon Decl., Ex. 2; Exhibits — ECF Nos. 81, 82, 84.

[38] Exhibit — ECF No. 84 at 1.

[39] *Id.*

[40] Guillon Decl., Ex. 1.

[41] *Id.*

United States District Court
Northern District of California

2015) (explaining that "[t]he government established a prima facie case through certificates of indebtedness, which were signed under the penalty of perjury, showing that [the defendant] executed promissory notes to secure loans, defaulted on the loans, and owed the United States certain amounts after offsets from various sources").

Mr. Machinski has not submitted any evidence rebutting the United States' case. In response to the government's motion, he submits his own declaration raising issue with (1) the name on the promissory note ("Robert *P*. Machinski" versus "Robert *F*. Machinski"); (2) the legibility of the promissory note; and (3) the fairness of the government's delay in collecting on the debt.[42] But none of these statements rebut the prima facie case. For example, he does not deny taking out the loan, and (despite challenging the middle initial on the note) does not deny that the promissory note is his. The government fixed the illegibility of the originally filed promissory note by presenting an original at the November 3 conference (which was filed on ECF, too).[43] And the government's delay — although maybe unfair — does not contradict the evidence submitted. These statements in his declaration therefore do not rebut the United States' prima facie case.

Mr. Machinski's declaration may additionally be read to challenge the amount still owed on the loan. He says: "[he is] informed and believe[s] that plaintiff's claim for damages exceed what, if anything, it would have been entitled to receive by the amounts already paid to plaintiff through offsets and other payments [he] ha[s] already made to satisfy [his] student loans."[44] But without supporting evidence — or at least more specific reference to offsets and payments made — this assertion (made only on information and belief) cannot alone rebut the government's evidence of the existence of the debt and the amount owed. The court was not persuaded by the argument at the hearing and raised in Mr. Machinski's motion for clarification relating to the small amount of interest that accumulated before the loans were consolidated in the consolidated note.[45]

---

[42] Machinski Decl. ¶¶ 2–12.

[43] Minute Entry — ECF No. 80; Exhibits — ECF Nos. 81, 83, 84.

[44] Machinski Decl. ¶ 11.

[45] *See* Motion for Clarification — ECF No. 89 at 2.

ORDER — No. 11-cv-01118-LB                    9

1  Mr. Machinski therefore does not rebut the United States' prima facie case and does not
2  establish a genuine issue of material fact.

### 3. Mr. Machinski's Arguments Regarding the Government's Delay

Mr. Machinski makes several arguments based on the government's delay in bringing suit to collect on the debt.[46] He asserts that the two-decade long delay prevented him from asserting a counterclaim for damages and offsetting his liability.[47] He also argues that the United States "should not be allowed to profit by its delay in securing an award of damages inflated by that delay."[48] And he argues that the government's "conduct estops it from claiming additional damages that were the product of its exceptionally protracted delay in bringing suit."[49]

To the extent these arguments are intended to raise a defense based on a limitations period, in statute or equity, those defenses are unavailable against the government in this student-loan case. *See Falcon*, 805 F.3d at 875 (explaining that 20 U.S.C. § 1091a "eliminated all statutes of limitations on actions to recover on defaulted federally guaranteed student loans"); *United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991) (rejecting as "meritless" a laches defense in a student-loan case because "[t]he government is not subject to the defense of laches when enforcing its rights"), *superseded by statute on other grounds, as recognized in United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994); *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001) (holding that 20 U.S.C. § 1091a "eliminates all limitations defenses for collection of student debts").

---

[46] *See* Opposition at 1; Machinski Decl. ¶¶ 7–12.

[47] Opposition at 1; Machinski Decl. ¶¶ 9, 12.

[48] Machinski Decl. ¶ 10.

[49] *Id.* ¶ 12.

# CONCLUSION

The government establishes through unrebutted evidence a prima facie case for recovery on Mr. Machinski's student loan. The court therefore grants the United States' summary-judgment motion because there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. The court clarifies the process moving forward.[50]

The court will not enter judgment immediately. Instead, as discussed at the December 8 hearing, the court will delay the entry of judgment for two weeks from the date of this order. The government agreed to keep its settlement offer open during this time.

It also agreed to talk with the agency client to see whether it might — out of general fairness concerns — offer Mr. Machinski a better deal than the 25% discount it offers now. As the court said at the hearing, prejudgment interest has accumulated since the default judgment was set aside on December 8, 2015.[51] Post-judgment interest, by contrast, is modest and would make a difference to Mr. Machinski. Given that Mr. Machinski represents himself, and is now saddled with a debt that far exceeds the principal owed (especially given that the government recovered money through the garnishments), the court asks the government to consider submitting a proposed form of judgment that reflects some of these equitable considerations. As the court said at the hearing, while the government can collect, it can achieve a reasonable outcome that serves its interests sufficiently while cutting Mr. Machinski a break on a loan with a high interest rate.

The court directs the government to file its proposed form of judgment by December 22, 2016. For the record, and without any accommodation by the government, the judgment as of November 3, 2016 (the date agreed to by the government at the December 8 hearing) is $50,852.48 in principal and interest.[52] The government agreed that at worst, this would be the effective date of judgment, which means the court will not add additional interest ($5.77 per day) for the period between November 3 and the date of judgment. The reason is that the delay was caused by the

---

[50] *See* Motion for Clarification — ECF No. 89.

[51] Stipulation and Order — ECF No. 24.

[52] *See* Proposed Judgment — ECF No. 69.

ORDER — No. 11-cv-01118-LB          11

illegibility of the originally filed promissory note and the parties' agreement to postpone the summary-judgment hearing.

**IT IS SO ORDERED.**

Dated: December 9, 2016

_____
LAUREL BEELER
United States Magistrate Judge